IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,                      No. CIV S-09-1572 MCE DAD

        v.

FRANCISCO JAVIER FERREYRA,
INDIVIDUALLY and d/b/a
FERREYRAS SPORTS BAR,          ORDER AND

        Defendant.                  FINDINGS & RECOMMENDATIONS

_____/

        This matter came before the court on September 25, 2009, for hearing of plaintiff's motion for default judgment against defendant Ferreyra, individually and doing business as Ferreyras Sports Bar. (Doc. No. 8). Marty Bishop, Esq. appeared telephonically on behalf of plaintiff. No appearance was made by or for the defendant.

        Upon hearing argument, the court took plaintiff's motion under submission. For the reasons set forth below, the undersigned recommends that the motion be granted and that default judgment be entered against the defaulted defendant.

## BACKGROUND

        Plaintiff J & J Sports Productions, Inc. is an international distributor of sports and entertainment programming. Defendant Ferreyra operates a commercial establishment called

1

"Ferreyras Sports Bar" in Stockton, California.  By contract, plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to "Fight to the Finish: The Bernard Hopkins v. Antonio Tarver World Light Heavyweight Championship Fight Program," which was telecast nationwide on Saturday, June 10, 2006.  Defendant intercepted and exhibited the program in defendant's commercial establishment, Ferreyras Sports Bar, without authorization.

Although service of process was effected on defendant Ferreyra, the defendant failed to appear in this action.  On July 29, 2009, plaintiff requested entry of default against defendant Ferreyra. (Doc. No. 6.)  The Clerk entered default against the defendant on July 30, 2009. (Doc. No. 7.)  On August 21, 2009, plaintiff filed its motion for default judgment with a proof of service reflecting service of the motion on defendant Ferreyra.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

### I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendant Ferreyra, establish the following circumstances:  (1) defendant Ferreyra is the owner, operator, licensee, permitee, person in charge, or person with control over the commercial establishment doing business as Ferreyras Sports Bar in Stockton, California; (2) by contract, plaintiff was granted exclusive nationwide television distribution rights to the "Fight to the Finish:  The Bernard Hopkins v. Antonio Tarver World Light Heavyweight Championship Fight Program" telecast nationwide on June 10, 2006; (3) pursuant to the contract, plaintiff entered into sublicensing agreements with various commercial entities throughout North America by which it granted those entities limited sublicensing rights to exhibit the Hopkins v. Tarver fight program to their patrons within their establishments; (4) as a commercial distributor of sporting events, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the program to its customers; (5) with full knowledge that the program was not to be intercepted, received, and exhibited by unauthorized entities, defendant exhibited the Hopkins v. Tarver program at the time of its transmission and did so willfully and for purposes of commercial or private gain; (6) defendant violated 47 U.S.C. § 605, et seq., which prohibits the unauthorized publication or use of communications; (7) defendant violated 47 U.S.C. § 553, et seq., which prohibits the unauthorized interception, exhibition, publication,

1  and divulgence of programs; (8) by reason of defendant's violations of §§ 553 and 605, plaintiff
2  has a private right of action pursuant to both statutes; (9) defendant also tortiously obtained
3  possession of plaintiff's program and wrongfully converted it to defendant's own use and benefit;
4  (10) by reason of defendants' tortious conversion, plaintiff is entitled to compensatory and
5  punitive damages; (11) the interception and exhibition of the Hopkins v. Tarver program
6  violated California Business & Professions Code § 17200, et seq.; and (12) by reason of
7  defendant's violation of the Business & Professions Code § 17200, et seq., plaintiff is entitled to
8  such remedies as restitution, disgorgement, and attorney's fees. (Doc. No. 1 at 3-8.)

9        In its complaint, plaintiff prays for statutory damages of $110,000 for the willful
10 violation of 47 U.S.C. § 605 and for recovery of all costs and reasonable attorney's fees.
11 Plaintiff prays for statutory damages of $60,000 for the willful violation of 47 U.S.C. § 553 and
12 for recovery of all costs and reasonable attorney's fees. Plaintiff seeks compensatory and
13 punitive damages, reasonable attorney fees, and costs of suit for defendant's tortious conversion
14 of plaintiff's sports program. Plaintiff seeks restitution, declaratory relief, injunctive relief,
15 attorney fees, and costs of suit for defendant's violation of the California Business & Professions
16 Code. (Doc. No. 1 at 8-10.)

17       Plaintiff's complaint and summons were served upon defendant Ferreyra on July
18 7, 2009, by personal service. (Doc. No. 5.) The undersigned finds that the defendant was
19 properly served with the complaint and that the Clerk properly entered the default of the
20 defendant on May 18, 2009. (Doc. No. 17.) Defendant was also served with plaintiff's request
21 for entry of default and application for default judgment by the court. (Docs. No. 16 and 18.).
22 Despite being served with process and all papers filed in connection with plaintiff's request for
23 entry of default and motion for default judgment, defendant failed to respond to plaintiff's
24 complaint, to plaintiff's request for entry of default, or to plaintiff's motion for default judgment.
25 Nor did the defendant appear at the hearing on plaintiff's motion. The defendant has failed to
26 participate in this action in any way.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint for the most part support plaintiff's claims.[1]  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendant's failure to pay for the right to exhibit the Hopkins v. Tarver fight program to the patrons within Ferreyras Sports Bar.

In light of the entry of default against the defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.  Nor is there any indication that the defendant's default resulted from excusable neglect, as defendant was properly served with plaintiff's pleading as well as with plaintiff's request for entry of default and motion for default judgment.  Defendant had ample notice of plaintiff's intent to pursue a default judgment against him.

Although public policy generally favors the resolution of a case on its merits, the defendant's failure to appear and defend against plaintiff's claims has made a decision on the merits impossible in this case.  Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

II. Terms of Judgment to Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded but not in the amount requested.

---

[1] Some courts have held that a defendant cannot be held liable under both 47 U.S.C. § 605(a) and 47 U.S.C. § 553. Kingvision Pay Per View, Ltd., v. Williams, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Prado, No. 2:07-cv-02104 GEB DAD, 2008 WL 822159, at *3 (E.D. Cal. Mar. 27, 2008).  However, the court need not reach the issue in this case, since the overwhelming majority of courts have concluded that where, as here, the defendants have defaulted damages are to be awarded only under § 605. Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197, n. 1 (N.D. Cal. 2000) (and cases cited therein).  See also J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *2 (S.D. Cal. Oct. 20, 2009).

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $101,600.00 against the defaulted defendant. That sum consists of $50,000.00 for one violation of 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii); $50,000.00 for one violation of 47 U.S.C. 553(b)(2) and (c)(2)(c)[2]; and $1,600.00 for the tort of conversion. (Doc. No. 8, Decl. of Thomas P. Riley at 2.) The undersigned is mindful that the defendant was served with plaintiff's motion for default judgment and was placed on notice of the amount sought by plaintiff. However, granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at stake. See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

Under the Federal Communications Act, a plaintiff may elect to seek either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I & II). Here, plaintiff seeks $50,000 in enhanced statutory damages. The statute provides for statutory damages for each violation of not less then $1,000 and not more than $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i) (II). Moreover, the statute authorizes enhanced damages of not more than $100,000 if the court finds the violation was "committed willfully and for purpose of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). While acknowledging that the amount of enhanced statutory damages it seeks here is "unconventional," plaintiff argues that the requested amount is justified primarily because of the need to deter broadcast piracy in light of the harm done to plaintiff's business as a result of such activities. The court finds plaintiff's argument in large part persuasive in light of the record before the court.

In this case, plaintiff's investigator stated that the sports bar in question had a seating capacity of approximately sixty people and that during the Hopkins v. Tarver undercard

---

[2] As noted above, the court will not recommend that damages be awarded with respect to a violation of 47 U.S.C. § 553

fight broadcast, he twenty-five patrons inside the sports bar being served by three female bartenders.  The investigator also reported that he was required to pay a $5 cover charge for entry into the sports bar on the night in question.  There were uniformed security guards present at both the front and the back of the establishment.  There is no evidence before the court of any promotion by defendant that the fight would be shown at the establishment.  Nor is there any evidence that a special premium on food and drink was being charged at the establishment on the night of the fight.  The investigator does state in his affidavit that the sports bar had two big screen/projection televisions as well as three wall-mounted 27 inch television sets, all of which were showing the Hopkins v. Tarver undercard fight broadcast while the investigator was inside.  Finally, the court has taken judicial notice of its own records which establish that defendant Francisco Javier Ferreyra is a repeat broadcast piracy offenders.  See J & J Sports Productions, Inc. v. Francisco Ferreyra, No. C 08-128 LKK KJM, 2008 WL 4104315, at *1 (E.D. Cal. Aug. 28, 2008) (on default judgment recommending $100,000 in enhanced statutory damages in connection with  defendant Ferreyra's unauthorized broadcast of the Morales v. Pacquiao fight on January 21, 2006, in light of defendant's prior acts of commercial signal piracy); Entertainment by J & J Inc v. Ferreyra, Civ. S-02-1526 DFL JFM.

    In light of this record reflecting that defendant Ferreyra is both a repeat broadcast piracy offender, was charging a cover charge for entry and was otherwise blatantly exploiting the pirated broadcast in question as part of his commercial sports bar venture,  the court will recommend that judgment be entered against the defaulted defendants and that plaintiff be awarded $10,000 in statutory damages plus $40,000 in enhanced statutory damages for a total of $50,000 in damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i & ii).  See J & J Sports Productions, Inc. v. Betancourt,, 2009 WL 3416431, at *4 (awarding statutory damages of $2,000 and tripling the base award for a penalty enhancement to a total award of $6,000 in a default judgment under similar circumstances to those presented here); J & J Sports Productions, Inc. v. Medinarious, et al., No. C 08-0998 JF (RS), 2008 WL 4412240, at *3 (N.D. Cal. Sept. 25, 2008) (awarding

1  $1,000 in statutory damages and $5,000 in enhanced statutory damages in a default judgment
2  under similar circumstances); Garden City Boxing Club, Inc. v. Zavala, C-07-5925, 2008 WL
3  3875272, at *1 (N.D. Cal. Aug. 18, 2008) (same); Garden City Boxing Club, Inc. v. Lan Thu
4  Tran, C-05-5017, 2006 WL 2691431, at *2 (N.D. Cal. Sept. 20, 2006) (same); see also
5  Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197 n.1 (N.D. Cal. 2000)
6  (awarding statutory damages of $1,000 with no enhanced damages under circumstances similar
7  to those here); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at
8  *3-4 (N.D. Cal. Feb. 19, 2010) (awarding $250 in statutory damages and denying request for
9  enhanced statutory damages in light of the lack of evidence that the violation was egregious); J &
10 J Sports Productions, Inc. v. Montecinos, No. C 09-02604 JSW, 2010 WL 144817, at *5-7 (N.D.
11 Cal. Jan. 11, 2010) (granting $5,000 in statutory damages and $10,000 in enhanced statutory
12 damages as part of default judgment where plaintiff presented evidence that defendants were
13 "multiple offenders" who had engaged in "persistent theft" of such pay-per-view broadcasts); J &
14 J Sports Productions, Inc. v. Ferreyra, No. C 08-128 LKK KJM, 2008 WL 4104315, at *1 (E.D.
15 Cal. Aug. 28, 2008) (recommending $100,000 in enhanced statutory damages in light of
16 defendant's prior acts of commercial signal piracy).

17         In his declaration in support of the motion for default judgment, counsel indicates
18 that plaintiff also seeks the award of $1,600 in damages for the state law tort of conversion.
19 Plaintiff is entitled to such an award.  See J & J Sports Productions, Inc. v. Ro, 2010 WL 668065,
20 at *4; J & J Sports Productions, Inc. v. Montecinos, 2010 WL 144817, at *7; but see J & J Sports
21 Productions, Inc. v. Ferreyra, 2008 WL 4104315, at *1 ("Inasmuch as plaintiff seeks statutory
22 damages rather than actual damages, plaintiff's request for damages for conversion should be
23 denied.").  In moving for default judgment plaintiff has submitted evidence, in the form of a
24 declaration by the President of J & J Sports Productions, Inc. and an attached rate card for the
25 fight in question, establishing that the defendant would have been required to pay $1,600 for a
26 proper sublicensing agreement.  See J & J Sports Productions, Inc. v. Ro, 2010 WL 668065, at

*4 (calculating damages for the tort of conversion based upon the amount that defendants would have been required to pay for a proper sublicensing agreement).  Therefore, the court will also will recommend that be awarded $1,600 in damages with respect to the tort of conversion.

Finally, although the prayer for relief in the complaint as well as the introduction to the motion for default judgment indicates that plaintiff seeks the award of costs and attorney fees, the motion for default judgment does not contain any argument in support of such a request. Moreover, no evidence of costs or attorney fees incurred was submitted to the court in connection with the pending motion.  Accordingly, the court will not recommend the award of costs and attorneys fees.

## CONCLUSION

IT IS ORDERED that within five days after these findings and recommendations are filed, plaintiff shall serve a copy of the findings and recommendations on the defendant by mail at the address where service of process was effected, or at any more recent address known to plaintiff, and shall file a proof of such service forthwith; and

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's August 21, 2009 motion for default judgment (Doc. No. 8) against defendant Ferreyra individually and doing business as Ferreyras Sports Bar be granted;

2. Judgment be entered against the defendant in the sum of $51,600, consisting of consisting of  $10,000 in statutory damages plus $40,000 in enhanced statutory damages for violating 47 U.S.C.  § 605; $0 for violating 47 U.S.C. § 553; and $1,600 for the tort of conversion; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court.  A document containing objections should be titled "Objections to

Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 8, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\jjsports1572.oah.092509.mdj